UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENICE GREER and
178 MEMBERS OF
TEAMSTERS LOCAL 214

       Plaintiffs,

vs.

CASE NO. 10-14623
HON. LAWRENCE P. ZATKOFF

DETROIT PUBLIC SCHOOLS,

       Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on November 23, 2010.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order and/or for Order to Show Cause [dkt 2]. The facts and legal arguments are adequately set forth in the brief submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(f)(2), this Court has decided Plaintiff's Motion upon the brief submitted, without oral argument.

## II. BACKGROUND

Plaintiffs were employed by Defendant as security officers. As such, Plaintiffs were all members of Teamsters Local 214 (the "Union"). On behalf of Plaintiffs, the Union negotiated a

series of collective-bargaining agreements ("CBA") between Plaintiffs and Defendant to govern Plaintiffs' employment with Defendant. The current CBA allegedly became effective on July 1, 1999. The CBA provided for its term to cease on June 30, 2003; however, if neither party notified the other party at end of the CBA's term, then the CBA automatically renewed from year to year. According to Plaintiffs, Defendant admitted during a recent motion hearing before the Wayne County Circuit Court that the CBA continues to govern the parties.

Then, on July 29, 2010, Defendant notified Plaintiffs by letter that their employment was terminated as of July 30, 2010. Defendant stated the terminations were the result of outsourcing the school security staffing to a private security firm. Plaintiffs also assert that statements were on Defendant's website that the terminations were due to Plaintiffs' excessive absenteeism. Plaintiffs filed an action that is currently before the Wayne County Circuit Court involving Defendant and the Union. Plaintiffs do not allege when the state action was filed. On November 19, 2010, Plaintiffs filed an action before this Court. Plaintiffs' complaint contains two counts—deprivation of property and deprivation of liberty without due process of law in violation of the 14th Amendment. Plaintiffs filed the instant motion for temporary restraining order on November 19, 2010, requesting that this Court reinstate Plaintiffs to their positions as security officers with Defendant so that Plaintiffs are employed during this action.

### III. PRELIMINARY INJUNCTION STANDARDS

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(A)  whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(B)  whether the movant has shown that he or she would suffer irreparable harm if the

            preliminary relief is not issued;

(C)     whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(D)     whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Mich. High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992).

## IV. FINDINGS OF THE COURT

The Court has reviewed Plaintiffs' Motion and brief filed in support of Plaintiffs' Motion. The Court finds that Plaintiffs have not satisfied their burden to persuade this Court to grant Plaintiffs' request for a Temporary Restraining Order. First, it is, at best, debatable whether there is a likelihood of success on the merits. Second, Plaintiffs have not shown they would suffer irreparable harm when approximately five months have already passed since Plaintiffs were terminated. In the interim, Plaintiffs have been involved in an action that is being litigated in state court, where it is not clear to this Court that Plaintiffs can not or have not sought the same relief they seek here. Furthermore, the harm to Defendant to reinstate 178 security officers and pay wages to them is substantial.

Accordingly, IT IS ORDERED that Plaintiffs' Motion for a Temporary Restraining Order is DENIED, and that Plaintiffs and Defendant shall appear before this Court, located at 526 Water

St., Port Huron, Michigan, on December 8, 2010, at 9:30 a.m. for a hearing on whether a preliminary injunction granting Plaintiffs' requested relief should issue.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated: November 23, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 23, 2010.

s/Marie E. Verlinde<br>
Case Manager<br>
(810) 984-3290